UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-02204-JMS-DML |
| | ) | |
| INDIANA UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## Order on Plaintiff's Motion to Use Pseudonym

The plaintiff is a former student at Indiana University. He claims that he was falsely accused by another student of non-consensual sexual misconduct or assault and that the school's ensuing investigation and grievance procedures were conducted in a manner biased against him based on his sex in violation of Title IX. The alleged non-consensual sexual contact occurred about one year before the other student made her complaint; the plaintiff was expelled in his senior year just two months before graduation.

The plaintiff seeks to use a pseudonym to prosecute his Title IX sex discrimination claims against the university. Indiana University does not object.

## Analysis

The Federal Rules of Civil Procedure require that all parties to a lawsuit be named. *See* Fed. R. Civ. P. 10(a) (providing that the "title of the complaint must name all the parties"); Fed. R. Civ. P. 17(a)(1) (requiring that an action be prosecuted in the name of the real party in interest). A court *may* permit a party to

use a pseudonym in extraordinary circumstances only—when the party demonstrates that his interests outweigh both prejudice to the opposing party if anonymity were permitted and "the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes." *See Doe v. Village of Deerfield,* 819 F.3d 372, 377 (7th Cir. 2016). Courts within the Seventh Circuit generally consider several factors in their weighing of these interests:

> (1) whether the [party] is challenging governmental activity; (2) whether the [party] would be required to disclose information of the utmost intimacy; (3) whether the [party] would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the [party] would risk suffering injury if identified; and (5) whether the party defending against a suit brought under a pseudonym would be prejudiced.

*Doe v. Trustees of Indiana University,* 2013 WL 3353944 at *3 (S.D. Ind. July 3, 2013) (quoting *Doe v. Indiana Black Expo, Inc.,* 923 F. Supp. 137, 140 (S.D. Ind. 1996)). The Seventh Circuit also has noted that fictitious names may be used where necessary to protect the privacy interests of "children, rape victims, and other particularly vulnerable parties or witnesses." *See Doe v. Blue Cross & Blue Shield United of Wisconsin,* 112 F.3d 869, 872 (7th Cir. 1997).

The court's weighing of interests necessarily is fact sensitive. This court has denied a male student's request to proceed by pseudonym in another case raising a Title IX challenge to a university's sexual assault investigation that resulted in the student's expulsion. *See Ayala v. Butler University,* Case No. 1:16-cv-1266-TWP-DML, Dkt. 108, Jan. 8, 2018. That case is distinguishable, however, in pertinent

respects. First, unlike the prior case, this case is against a public university and thus challenges government action. Second, the plaintiff's complaint here respects the privacy interests of others in ways the complaint in *Ayala* had not. Third, the plaintiff has not brought additional claims against private individuals that impugn their character and motives and seek damages against them. Fourth, there is no objection by the defendant to the plaintiff's motion to use a pseudonym, unlike the previous case where the defendants argued they would be prejudiced if anonymity was permitted. Based on these distinguishing characteristics and the plaintiff's showing that he may suffer injury if his name is used and readily available, the court will grant the plaintiff's motion. The court notes, however, that the plaintiff's privacy interests, the defendant's interest in avoiding prejudice, and the public's interest in open courts may need to be re-balanced at some later time in this proceeding, such as at the trial itself, and the court may revisit the circumstances under which a pseudonym may continue to be used.

## Conclusion

The plaintiff's motion for leave to proceed under pseudonym (Dkt. 16) is GRANTED. Until further order of the court, the plaintiff must be referred to as John Doe in all filings. The plaintiff's name shall be redacted from any documents publicly filed in this case and the pseudonym "John Doe" used instead. It should not be necessary to file any documents under seal so long as the parties properly redact documents containing the plaintiff's name, unless there is some independent basis for doing so.

So ORDERED.

Dated: October 2, 2019

                                        Debra McVicker Lynch
                                        United States Magistrate Judge
                                        Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system