UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| Plaintiff. | ) |
| | ) Case No: 1:19-cv-02204-JMS-DML |
| VS. | ) |
| | ) |
| INDIANA UNIVERSITY BOARD OF TRUSTEES, | ) |
| Defendant. | ) |

**PLAINTIFF'S STATEMENT OF CLAIMS**

Comes now plaintiff and presents his Statement of Claims he intends to prove at trial, stating specifically the legal theories said claims are based upon. This Statement of Claims is preliminary and subject to amendment, as discovery is still ongoing.

This case is based on a Federal Title IX action, and State Law Breach of Contract and Negligence theories. In relation to the Statement of Claims, the factual and legal material available to the Plaintiff at present provides a proper basis for each allegation of the pleading. Discovery is still ongoing regarding liability and damages. It is important to note that all the evidence and arguments from each separate claim dovetail into the others, to some degree, and are incorporated by reference. The claims are as follows:

**Federal Title IX Claim**: Title IX prohibits Defendant from intentional gender-based discrimination. The formula for determining gender-based discrimination is "Do the alleged facts, if true, raise plausible inference that the Defendant discriminated against Plaintiff on the basis of gender."

The gender-based method defendant used to prosecute plaintiff was started early in the process and continued throughout. Most disturbing are the two pieces of "evidence" provided by defendant to the Sexual Misconduct Panel, those being a medical bill for an emergency visit by the accuser on the day after the alleged December "rape "event for, as defendant indicated, a concussion verifying the rape, and therapy bills provided by the accuser, for what they allege is treatment for the rape. Not records, merely bills. Defendant found it is much easier to reach its desired gender-based outcome by withholding and shielding the best available evidence.

Furthermore, this matter was not investigated, nor presented to the plaintiff or the SMP in a fair and equitable manner. In fact, it was presented in a misleading and deceptive manner. The outcome was determined by female inexperienced employee investigators, who, through their action's temperament and words, clearly sided with the female complainant. Thereafter, no supervisor took the time, effort or concern to mandate that a non-gender biased Final Report was presented to the SMP before they made their determination on plaintiff's future.

**Breach of Contract:** In Indiana, the relationship between the student and the university is contractual in nature. Furthermore, it is generally accepted that the catalogues, bulletins, circulars and regulations of the university made available to the matriculant are part of the contract.

Defendant agrees to treat all students equally and in compliance with, inter alia, its policies and procedures, but gave deferential treatment to the accuser, both in the investigation and in the adjudication. Simply put, defendant did not conduct a proper review and investigation of this matter, including not thoroughly investigating the accuser's background, which would have shown aberrant behavior, all showing unequal treatment for the accuser student, and damaging plaintiff, also a student. Additionally, defendant did not verify the basis and purpose of accusers medical and psychological treatment they presented to the Sexual Misconduct Board as "evidence" of the accusers accusations, instead "taking her word" that the treatment was related to her accusations, again favoring one student over another in violations of, inter alia, its policies and procedures.

**Negligence:** The existence of a duty arises from the relationship between the parties, and the existence of a duty is an element of negligence. Generally, a special relationship must exist between the parties before the law imposes a duty which, if breached, may give rise to a claim of negligence.

Defendant provided plaintiff with an employee of defendant as an advocate. That advocate, while in the employ and on the defendant's premises and payroll, advised plaintiff words to the effect of "this is no big deal," "they will rule in your favor as it's just your word against hers," and the like. Additionally, the assigned defendant employee advocate did little to no investigation of the matter, failed to keep Plaintiff informed of his investigation and

3

failed/refused to represent plaintiff in a manner consistent with an advocate. There did exist a special relationship between the defendant's employee advocate and plaintiff and said employee advocate breached that duty to the detriment of the plaintiff.

Respectfully submitted,

HOCKER & ASSOCIATES, LLC

_/s/ Brett E. Osborne_____
Brett E. Osborne
Attorney No: 17492-45
6626 E. 75TH Street, Suite 410
Indianapolis, Indiana 46250
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of March 2020, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's ECF.

Hamish.Cohen@mbcblaw.com

/s/ Brett E. Osborne_____
Brett E. Osborne
Attorney No: 17492-45
