UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No: 1:19-cv-02204-JMS-DML |
| | ) |
| vs. | ) |
| | ) |
| INDIANA UNIVERSITY BOARD | ) |
| OF TRUSTEES, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Board of Trustees of Indiana University ("IU" or the "University"), by counsel and pursuant to Federal Rule of Civil Procedure 56(c), hereby submits its *Motion for Summary Judgment* and states as follows:

1. Plaintiff initiated this matter by the filing of his Complaint on June 3, 2019. With his Complaint, Plaintiff alleged IU violated Title IX of the Education Amendments Act of 1972 and the Due Process Clause of the Fourteenth Amendment when IU dismissed him for sexual misconduct.

2. Plaintiff amended his Complaint on October 24, 2019 to add state law claims for negligence and breach of contract arising out of the same operative facts.

3. For all the reasons detailed in IU's contemporaneously filed Brief in Support, IU is entitled to summary disposition of all Plaintiff's claims.

4. *First*, Plaintiff's Title IX claim fails because Plaintiff has not—and cannot—show any evidence that his dismissal was the result of intentional gender-based discrimination, which is

required to prevail on such a claim. *E.g.*, *Doe v. Columbia Coll. Chi.*, 933 F.3d 849, 854 (7th Cir. 2019).

5. IU's investigation and adjudication of the sexual misconduct allegations against Plaintiff complied with the applicable policies and procedures, which were gender neutral. Plaintiff has not and cannot come forward with evidence of gender bias because no such evidence exists.

6. In recent years, this Court has regularly confronted arguments similar to Plaintiffs. In each case, the Court has rules in favor of defendant universities when the university complies with its gender neutral policies and procedures governing sexual misconduct proceedings. *E.g.*, *Ross v. Ball State Univ.*, No. 1:18-cv-01258-JRS-TAB, 2020 WL 1042623 (S.D. Ind. Mar. 4, 2020); *Doe v. Indiana University – Bloomington*, No. 1:18-cv-03713-TWP-MJD, 2019 WL 341760 (S.D. Ind. Jan. 28, 2019); *Ayala v. Butler University*, No. 1:16-cv-01266-TWP-DLP, 2018 WL 5117292 (S.D. Ind. Oct. 19, 2018). The same result is proper here.

7. *Second*, Plaintiff's procedural due process claim fails for similar reasons. All that is required under the Due Process Clause is notice and an opportunity to be heard. *Goss v. Lopez*, 419 U.S. 565 (1975). IU's policies and procedures for sexual misconduct investigations, hearings, and appeals provide students with process well in excess of the Constitutional minimums.

8. *Third*, Plaintiff's breach of contract claim fails because he cannot identify any contractual promise breached by IU. IU complied with all applicable policies and procedures.

9. Furthermore, IU's decision to dismiss Plaintiff was based on the evidence and therefore cannot be arbitrary, and there is no evidence of bad faith. "It is well settled that before a court will intervene into the implied contractual relationship between student and university, there must be *some* evidence that the university acted arbitrarily or in bad faith." *Amaya*, 981 N.E.2d at 1241 (compiling cases) (emphasis added). There is no such evidence in this case.

10. *Fourth*, Plaintiff has no cause of action for negligence. Indiana law is clear that plaintiffs cannot style a breach of contract claim as a tort. *E.g.*, *Greg Allen Const. Co., Inc. v. Estelle*, 798 N.E.2d 171, 173 (Ind. 2003). While Plaintiff contends IU owed him a duty of care consistent with the Department of Justice's Title IX policies, the Seventh Circuit has held that "Congress did not enact Title IX in order to burden federally funded educational institutions with open-ended negligence liability." *Smith v. Metro. Sch. Dist. Perry Tp.*, 128 F.3d 1014, 1032 (7th Cir. 1997) (quoting *Rosa H. v. San Elizario Ind. Sch. Dist.*, 106 F.3d 648, 656 (5th Cir. 1997)).

11. IU also did not have any special duty to Plaintiff. A special relationship arises under Indiana law only when one party deliberately and affirmatively undertakes duty to prevent a specific harm. *Yost v. Wabash Coll.*, 3 N.E.3d 509, 517 (Ind. 2014). No Indiana court has ever recognized a special relationship between a university and its students.

12. *Fifth* and finally, to the extent Plaintiff's due process, contract, or negligence claims survive summary judgment on the merits, summary disposition is still proper because they are barred under the Eleventh Amendment. *Gaff v. Ind.-Purdue Univ. of Ft. Wayne*, 45 N.E.3d 458, 463 (Ind. Ct. App. 2015) (citing Ind. Code §§ 34-13-4-1 to -4), *vac'd in part on other grounds*, 51 N.E.3d 1163 (Ind. 2016); *Doe v. Indiana University – Bloomington*, 2019 WL 341760, at *7 (quoting *Bull v. Bd. of Trs.*, No. 1:10-cv-00878-JMS-TAB, 2011 WL 6740549, at *4 (S.D. Ind. Dec. 22, 2011)).

WHEREFORE, Defendant Board of Trustees of Indiana University respectfully requests the Court grant its motion and enter judgment in its favor on all Plaintiff's claims, and grant all other just and proper relief.

Respectfully submitted,

By: /s/ Hamish S. Cohen
Hamish S. Cohen (#22931-53)
Jonathan D. Mattingly (#41-21011)
Jeffrey Furminger (#34020-53)
MATTINGLY BURKE COHEN & BIEDERMAN LLP
155 East Market Street, Suite 400
Indianapolis, Indiana 46204

*Counsel for Defendant Board of Trustees of Indiana University*

### CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on June 24, 2020, a copy of the foregoing was filed electronically. Service of this filing is also being made by operation of the Court's CM/ECF system to the following counsel of record:

Brett E. Osbourne
HOCKER & ASSOCIATES, LLC
6626 E. 75th Street
Suite 410
Indianapolis, Indiana 46250
(312) 578-1630
bosbourne@hockerlaw.com

/s/ Hamish S. Cohen
Hamish S. Cohen